IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF OKLAHOMA

KYLE BLAKE JOHNSON,

    Plaintiff,

vs.                                                No. 20-CV-244-WPJ

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WAGONER, a political subdivision and municipal corporation, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER
ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT and
PLAINTIFF'S ALTERNATIVE MOTION FOR REMAND**

**THIS MATTER** comes before the Court upon the Motion for Summary Judgment filed by Defendants Sheriff Elliott in his official capacity and the Board of County Commissioners of Wagoner County (the "Board"). *See* Doc. 40. In a recent Order, the Court held that Plaintiff Kyle Johnson failed to establish that Sheriff Elliott in his *individual* capacity violated Plaintiff's freedom of speech. Doc. 68 (the "May 23 Order").[1] This finding also warrants dismissal of Plaintiff's *Monnell* Section 1983 claim asserted against the remaining Defendants. Therefore, the Motion for Summary Judgment is hereby **GRANTED IN PART**, the Alternative Motion for Remand is **GRANTED IN PART**, and Plaintiff's requests for declaratory and injunctive relief are **DENIED**.

**ANALYSIS**

---

[1] In the instant Order, the Court relies on the factual and legal findings set forth in the May 23 Order.

1

The Court proceeds by evaluating Plaintiff's Section 1983 claim, state law "Burk" claim, and request for declaratory and injunctive relief.

**I.     Plaintiff failed to establish his Section 1983 claim.**

To establish a *Monnell* municipal liability claim against the Board and Sheriff Elliott, Plaintiff must demonstrate: (1) the Board and/or Sheriff Elliott employed an official policy or custom, (2) an individual violated Plaintiff's constitutional rights, and (3) the official policy or custom directly caused that violation. *Moceck v. City of Albuquerque*, 813 F.3d 912, 933 (10th Cir. 2015). As explained in the May 23 Order, terminating Plaintiff—the alleged constitutional violation here—for publicizing a sensitive internal email did not infringe his freedom of speech. Thus, Plaintiff cannot establish the second *Monnell* element, thereby warranting dismissal of this claim.

**II.    Plaintiff's state law claim should be remanded to Oklahoma state court.**

Plaintiff seeks remand of his "Burk" tort claim if his Section 1983 claim is dismissed. *See* Doc. 60. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238–40 (10th Cir. 2020). Having dismissed Plaintiff's only federal claim, the Court finds no exceptional reason to stray from the routine practice of remanding state law claims to state court.

**III.   Plaintiff conceded all arguments regarding his request for declaratory and injunctive relief.**

Lastly, Plaintiff requests the Court to declare unconstitutional and permanently enjoin or rescind the Wagoner County policy prohibiting dissemination of written documents without the

Sheriff's permission. In his response, however, Plaintiff refrains from addressing Defendants' arguments set forth in their Summary Judgment Motion. Therefore, the Court finds that: (1) Plaintiff as a terminated employee lacks standing to request injunctive relief because he cannot establish a real or immediate threat of future harm; and (2) Wagoner County's policy of prohibiting dissemination of written materials without permission was not unconstitutional as applied in this circumstance.

**THEREFORE, IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. 40) is hereby **GRANTED IN PART** and, thus, Plaintiff's Section 1983 claim is hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Alternative Motion for Remand (Doc. 60) is hereby **GRANTED IN PART** and, thus, Plaintiff's "Burk" tort claim is hereby **REMANDED** to Oklahoma state court.

**IT IS FURTHER ORDERED** that Plaintiff's request for declaratory and injunctive relief is hereby **DENIED WITH PREJUDICE**.

WILLIAM P. JOHNSON
UNITED STATES DISTRICT JUDGE