IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF OKLAHOMA

KYLE BLAKE JOHNSON,

    Plaintiff,

v.                                      Case No. 6:20-cv-00244-WPJ[1]

BOARD OF COUNTY COMMISSIONERS OF
THE COUNTY OF WAGONER, a political
subdivision and municipal corporation, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR REVIEW OF ORDER TAXING COSTS**

THIS MATTER comes before the Court upon Plaintiff's Motion for Review of Order Taxing Costs (Doc. 79). Plaintiff argues that an award of costs to Defendants is inappropriate because, since the case has been remanded to state court for further litigation, Defendants are not the "prevailing party" under Federal Rule of Civil Procedure 54(d)(1). Doc. 76 at 1. Defendants disagree, citing authority for the proposition that when a defendant prevails on all federal claims and the remaining claims are remanded to state court, an award of costs is appropriate. Doc. 77 at 3-4. Having reviewed the parties' submissions and the applicable law, the Court finds that Plaintiff's motion is not well-taken and therefore DENIES it.

**BACKGROUND**

---

[1] Chief United States District Judge William P. Johnson of the District of New Mexico was assigned this case as a result of the Tenth Circuit Order designating Judge Johnson to hear and preside over cases in the Eastern District of Oklahoma.

Plaintiff, a former Wagoner County Sheriff's Office police lieutenant, leaked a work email to the news and was subsequently terminated. Doc. 68 at 2-4. Plaintiff sued for alleged violations of his First Amendment rights under 42 U.S.C. § 1983, as well as state law violations under the Oklahoma constitution, malicious interference with a contractual relationship, and tortious interference with a prospective economic advantage. Doc. 2-2 at 2, 8, 13-15. The case proceeded until it reached summary judgment, when the Court dismissed Plaintiff's Section 1983 claims—the only federal matters in the case—and remanded the remaining claims to state court. Docs. 68 at 11, 71 at 3. Defendants now seek an award of costs as the prevailing party at the federal level, which Plaintiff argues is not warranted because the litigation of his remaining claims will continue in state court. Docs. 75, 76.

## LEGAL STANDARD

Rule 54(d)(1) states that "costs—other than attorney's fees—should be allowed to the prevailing party." The "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016). A presumption exists favoring the award of costs to the prevailing party, but the decision is ultimately left to the district court's discretion. *Debord v. Mercy Health Sys. of Kan., Inc.*, 737 F.3d 642, 659 (10th Cir. 2013). Still, denial of costs to the prevailing constitutes a "severe penalty," and a court must provide valid reasons for a decision to withhold costs. *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1526 (10th Cir. 1997).

## DISCUSSION

Plaintiff argues that 1) Defendants have not prevailed in the current lawsuit because it is not yet fully resolved, and 2) even if Defendants have prevailed, the Court has discretion to withhold costs and should do so here to allow the state court to make a determination of costs

instead. The Court analyzes each argument and finds both insufficient to overcome the presumption in favor of awarding costs, particularly in light of the case law Defendants cite.

I.    **Prevailing Party**

Plaintiff argues that Defendants are not the prevailing party because "the action that was removed by Defendants still remains." Doc. 76 at 3. Defendant cites *Allen v. Lang*, No. Civ-16-296, 2017 WL 8778674 (E.D. Okla. Nov. 27, 2017) and *Blan v. Correct Care Sols.*, Case No: 17-CV-182, 2018 WL 1561576 (D.N.M. Mar. 5, 2018) for the proposition that when a court disposes of all federal claims in the defendant's favor and declines supplemental jurisdiction over related state law claims, the defendant is the "prevailing party" and an award of costs is proper. Doc. 77 at 6-7.

Defendant's two cases, although unpublished, provide a persuasive and well-reasoned approach that the Court will follow here. In both cases, the parties removed a case to federal court, and the federal court granted summary judgment to the defendants on the federal claims and declined jurisdiction over the state law claims. *See Allen*, 2017 WL 8778614 at *1 (dismissing state law claims without prejudice); *Blan*, 2018 WL 1561576 at *1 (remanding state law claims to state court); *see also Allen v. Lang*, 738 F. App'x 934, 944-45 (10th Cir. 2018) (cases finding a prevailing party "when a district court enters judgment on federal claims and declines to exercise supplemental jurisdiction over state claims, dismissing them without prejudice" are "persuasive"). Both courts reasoned that entering judgment in the defendants' favor on the federal claims was sufficient because in doing so, the court brought the federal litigation to a close. *See Allen*, 2017 WL 8778614 at *1 ("The fact that other state law claims may eventually be adjudicated in another forum does not eviscerate [Defendant] Lang's prevailing party status."); *Blan*, 2018 WL 1561576 at *2 ("Even though the Court declined to exercise supplemental jurisdiction over Blan's

remaining state law claims, the County was the prevailing party as the Court granted the County's motion for summary judgment on Blan's constitutional claims.").

Accordingly, the Court follows this sound reasoning here and determines that Defendants are the prevailing party because they prevailed on their federal claims and the state claims were remanded to state court.

## II.   Discretion to Withhold

Plaintiff also argues that even if Defendants are the prevailing party, the Court should exercise its discretion and withhold an award of costs. Doc. 76 at 4. He reasons that the majority of the action remains, facts are still in dispute, and it is possible that costs will overlap if the state court also seeks to award costs once the litigation there is complete. *Id.*

*Allen* counsels against this approach. There, the court rejected the argument that a calculation of costs should take place after resolution of the state claims given the possibility of overlap. 2017 WL 8778614 at *2. The court held that it was not the defendant's obligation to determine that the costs were "solely attributable" to the federal claims; it was the plaintiff's obligation to overcome the presumption in favor of costs to the prevailing party. *Id.* The fact that the case is not resolved in its entirety is not enough to overcome that presumption on its own.

For these reasons, the Court DENIES Plaintiff's motion to review the order taxing costs (Doc. 79).

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
UNITED STATES DISTRICT JUDGE